**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW J. MCGINNESS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAPTAIN ORVILLE LESTER, et al., )<br>)<br>Defendants. ) | No. 4:22-cv-00085-SEP |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Matthew J. McGinness's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], Motion for Appointment of Counsel, Doc. [3], Motion for Summary Judgment, Doc. [4], Motion for Injunctive Relief, Doc. [5], Motion to Add Party, Doc. [10], Motion to Voluntarily Dismiss, Doc. [13], and Motion to Withdraw Motion to Voluntarily Dismiss, Doc. [14].  For the reasons set forth below, Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Motion to Withdraw Motion to Voluntarily Dismiss are granted, and the rest of the Motions are denied.  Additionally, Plaintiff is instructed to file an amended complaint in accordance with the instructions set forth in this Memorandum and Order.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has submitted a copy of his inmate account statement. Doc. [6].  The account statement shows an average monthly deposit of $521.13.  Accordingly, the Court will assess an initial partial filing fee of $104.23, which is 20% of Plaintiff's average monthly deposit.

1

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

**I.      Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A "liberal construction" means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is "more than the mere possibility of misconduct[.]"  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678. "[D]etermining whether a complaint states a plausible claim for relief is context-specific, requiring the reviewing court to draw on its experience and common sense."  *Id.* at 679

**II.     Plaintiff's Complaint and Subsequent Filings**

Plaintiff is a self-represented litigant who is  incarcerated at the Lincoln County Jail in Troy, Missouri.  *See* Doc. [1-3].  On January 21, 2022, he filed this civil action pursuant to 42 U.S.C. § 1983, naming Captain Orville Lester, Nurse Jamie Unknown, H. Deutsch, Chris Cox, T. Misuraco, G. Tipton, and Sheriff Rick Harrell as Defendants.  Doc. [1] at 2-3.  Defendants are sued in both their individual and official capacities.  *Id.* at 2.  The Complaint contains allegations regarding Plaintiff's medications, the Lincoln County Jail's COVID-19 protocols, and an accusation related to the nonpayment of sales taxes.

Specifically, Plaintiff asserts that on "October 14 [he] was seen by a doctor and nurse at the Lincoln County Jail." Doc. [1] at 3. The doctor prescribed him amitriptyline, which is the generic form of Elavil. *Id.* Plaintiff alleges that, despite this, the "nurse told [him] that [he] would have to get a different medication because she had exceeded her budget for the year." *Id.* at 3-4. Plaintiff states that he has taken this "medication for many years" and knows "that it is on the list of medications approved for correction[s]." *Id.* at 4. He further states that the "[Physician's] Desk Reference strongly cautions against abruptly discontinuing the use of this medication." *Id.* At the time of the filing of the Complaint, Plaintiff contends that he went without the medication for two weeks, and that he "became so ill after arriving" at the jail that he could not "even go to court for [arraignment]." *Id.* Plaintiff claims that, by November 4, 2021, he had sufficient funds in his inmate account to cover the cost of the medication, but until then, he was given Benadryl by a nurse, who was allegedly not authorized to prescribe him such medication. *Id.*

In addition to his claims related to his access to medication, Plaintiff asserts that the Lincoln County Jail has a policy under which pretrial detainees are "routinely placed" in housing units with unvaccinated detainees without quarantining or receiving Covid-19 tests. *Id.* Plaintiff notes that he is unvaccinated and shares a bunk with a 62-year-old man with C.O.P.D. *Id.* He alleges that he inquired about being placed in quarantine but was told that the jail "tried that, but it didn't work." *Id.* Finally, Plaintiff also alleges that pretrial detainees are allowed to spend a total of $500 per week, and that many do spend that amount. *Id.* He notes, however, that "no sales taxes are paid for anything, presumably to avoid a record of the sales." *Id.*

Plaintiff states that, as a result of the incidents alleged in his Complaint, he "suffered severe withdrawal symptoms from being denied [his] medication until [he] was able to pay for it." *Id.* He seeks $79.67 in actual damages and $10,000 in punitive damages. *Id.* at 5. Plaintiff also asks that "Federal Marshals assume control of the jail until a point that the county employees are able to do so without violating the constitution." *Id.*

On March 2, 2022, Plaintiff filed a document titled "Amendment to Civil Rights Complaint." Doc. [7]. In it, Plaintiff seeks leave to amend his Complaint to raise his actual damages "by $40,000.00." The request, he claims, is a result of his 2015 Harley Davidson motorcycle being "impounded" upon his arrest, and that while he was being "held on an excessive bond, the tow company sold the motorcycle." *Id.* at 1.

3

On March 7, 2022, Plaintiff filed a "Request to Add Party to Complaint," seeking to add Michael L. Vick as a defendant. Doc. [10]. He does not provide any indication as to what Vick did or did not do to harm him. On March 17, 2022, Plaintiff sent a letter to the Court containing new allegations regarding his confinement. Doc. [11]. Specifically, Plaintiff notes that there have been "two overdose deaths" at the Lincoln County Jail, as well as "a number of non-lethal overdoses." *Id.* at 1. He speculates that correctional staff are "somehow involved" with drugs getting into the jail. *Id.* Because of this, Plaintiff states that he does not "feel particularly safe." *Id.* at 2. Additionally, he claims that he poses "no threat to the community." *Id.* at 3. As such, Plaintiff renews his request for the Court to "get involved with [his] criminal case." *Id.*

Finally, on April 21, 2022, Plaintiff submitted a document titled "[Evidentiary] Affidavit," in which he sought "to add issues" to his complaint. Doc. [12]. Specifically, he asserts that on October 2, 2021, he waived his preliminary hearing. *Id.* at 1. Plaintiff next appeared in court on November 5, 2021, before Judge Berry. *Id.* at 2. According to Plaintiff, Judge Berry recused himself, and told Plaintiff that his case would be reassigned. *Id.* Judge Berry also allegedly advised him that the prosecution objected, and that his "case would go to the Missouri Supreme Court." *Id.* Plaintiff contends that his "file remained inactive for the next three months," causing him to file a motion to dismiss for failure to prosecute. *Id.* at 3. Plaintiff explains that his requests never made it into his file, but that he was eventually brought before Judge Flynn. *Id.* Nevertheless, he argues that his "file being lost for three months was a result of infighting between the Clerk[']s Office and Judge Flynn," and that it violated his rights as a pro se litigant. *Id.* As such, Plaintiff asks the Court to review his file and make sure "the rules of criminal procedure by the State of Missouri apply to [his] charge." *Id.*

### III.  Discussion

The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and, for the reasons set forth below, his claims must be dismissed. Plaintiff will be given the opportunity to file an amended complaint, however.

#### A. Deficiencies in Plaintiff's Complaint

First, Plaintiff has inappropriately joined several claims that occurred at different times and involved different Defendants. Specifically, he accuses a nurse of not giving him a medication, the jail of having inappropriate COVID-19 protocols, and the circuit court for giving

him an excessive bond.  Plaintiff also complains that inmates are not paying sales tax and speculates that jail officials are allowing drugs into the facility.

Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  While joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, "[p]ermissive joinder is not . . . applicable in all cases." *Mosely v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).  Permissive joinder requires that "a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences . . . ." *Id.*  Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff has impermissibly done that here.

Second, Plaintiff has not sufficiently pled official-capacity claims against Defendants.  A suit brought against an official in his or her official capacity pursuant to § 1983 "is not a suit against the official but rather a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)); *see Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  The real party-in-interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Municipal liability may attach under § 1983 if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).

Construing the Complaint liberally, Plaintiff fails to make a claim on any of those grounds.  Plaintiff mentions that the Lincoln County Jail has a policy of placing pretrial detainees in housing units with unvaccinated detainees without providing quarantine cells or testing

5

procedures for Covid-19. Doc. [1] at 4. A jail is not an entity that may be sued under § 1983. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail as a party because it was not a suable entity). And even if Plaintiff had named the proper entity as party defendant, he would still have failed to state an official-capacity claim because he provides no facts suggesting that there was a "widespread . . . pattern of unconstitutional misconduct" involved in the alleged violation, *see Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013); nor does he show that the municipality was a "moving force" behind the alleged deprivation of his constitutional rights, *Graham*, 473 U.S. at 166.

Third, Plaintiff's primary complaint appears to be that a nurse did not give him necessary medication. Failure to administer prescribed medication can constitute deliberate indifference. *See Dadd v. Anoka Cnty.*, 827 F.3d 749, 757 (8th Cir. 2016). Plaintiff has not pled sufficient facts to demonstrate deliberate indifference, however. To support a claim of deliberate indifference, Plaintiff must plead "(1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). "A serious medical need is one that has been diagnosed by a physician requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Coleman*, 114 F.3d at 784). Here, Plaintiff has not provided any facts describing his symptoms or need for the medication, leaving it for the Court to speculate whether he suffered a sufficiently serious medical need. Nor has he alleged facts demonstrating that Defendants were aware of and disregarded his serious medical needs.

Fourth, Defendants Lester, Deutsch, Cox, Misuraco, Tipton, and Harrell, are not mentioned in Plaintiff's Complaint, apart from being named as Defendants. Simply identifying a person as a defendant does not properly state a claim against that individual. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with a district court's dismissal of two defendants who were named in the complaint, but had no factual allegations made against them).

6

Instead, Plaintiff must explain the role of each defendant so that each individual has notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Similarly, with respect to his excessive bond claims, and his allegations related to drugs entering the jail, Plaintiff does not attribute his alleged harm to any named Defendant. *See Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").

For the above reasons, Plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915. Because of the gravity of Plaintiff's claims related to his access to medication, however, the Court will provide Plaintiff an opportunity to file an amended complaint consistent with the instructions set forth below. In preparing his amended complaint, Plaintiff must follow these instructions. Failure to follow these instructions may result in the dismissal of his claims.

**B. Instructions for Filing Amended Complaint**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms."). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, Plaintiff should clearly name each party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. All defendants must be clearly listed. Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety and ensure that it is signed.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff has multiple claims against

7

a single defendant, he may name that person and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  Alternatively, Plaintiff can pick one defendant, and bring as many different claims as he has against that single person.

As discussed above, Plaintiff's complaint contains allegations regarding several unrelated incidents.  That is not permitted.  Plaintiff may not bring every claim he has in a single lawsuit without showing that the right to relief asserted against all the defendants arises out of the same transaction or occurrence.  In other words, Plaintiff should include only claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  For example, Plaintiff may bring a claim that he was denied his prescribed medication and name all the defendants he believes responsible.  But that claim may not be joined with his assertion that his bond was excessive.

In structuring his amended complaint, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, he should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  Failure to sue a defendant in his or her individual capacity may result in dismissal of that defendant.  If Plaintiff is suing a defendant in an individual capacity, he must allege facts demonstrating that defendant's personal responsibility for harming him.  *See Madewell*, 909 F.2d at 1208 (liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights").  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).  For example, if Plaintiff is alleging deliberate indifference against Nurse Jamie, he must identify her in the "Statement of Claim," and provide factual allegations describing what she did or did not do to violate his constitutional rights.

If Plaintiff is suing multiple defendants, he must establish the responsibility of each separate defendant for harming him.  That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for Plaintiff to make general allegations against all the defendants as a group, or to make allegations against one person and simply impute responsibility for those actions to others.

8

Rather, Plaintiff must provide the role of each named defendant in this case to ensure that each defendant receives notice of what he or she is accused of doing. *See Topchian*, 760 F.3d at 848 ("The essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. Claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

After receiving Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If Plaintiff fails to make specific factual allegations against a defendant, that defendant will be dismissed. If Plaintiff fails to file an amended complaint on a Court-provided form within 30 days of this Order in compliance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### MOTION TO APPOINT COUNSEL

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The Court "may appoint counsel in [a civil case] if convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel[.]" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quotation marks and citations omitted). When determining whether to appoint counsel for an indigent litigant, a court considers several facts, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Upon review of the factors, the Court finds that appointment of counsel is not warranted at this time. At this point, Plaintiff has demonstrated that he can present his claims to the Court. Neither the factual nor the legal issues in this case appear to be especially complex. Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

### MOTION FOR SUMMARY JUDGMENT

On February 22, 2022, Plaintiff filed a "Request for Summary Judgment," which the Court construes as a motion for summary judgment. Doc. [4]. In that Motion, Plaintiff repeats

9

the allegations contained in his Complaint and adds additional clarifying facts. He alleges that he was prescribed Elavil on October 14, 2021, but that "the nurse advised that the prescription would not be filled until the inmate account had funds available to pay for it." *Id.* at 1. Plaintiff also asserts that "the prescription was not filled until" November 16, 2021, when Plaintiff had sufficient funds in his inmate account. *Id.* He states that the "issue is proved by the" inmate account statement he submitted to the Court, and contends that "deliberate indifference has never been disputed by the [defense]." *Id.*

"Summary judgment is only appropriate if there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law." *Correia v. Jones*, 943 F.3d 845, 847 (8th Cir. 2019) (citing *Meier v. St. Louis*, 934 F.3d 824, 827 (8th Cir. 2019)). Plaintiff's Complaint is dismissed after initial review under 28 U.S.C. § 1915 and he will have the opportunity to replead his allegations. Accordingly, Plaintiff's Motion for Summary Judgment, Doc. [4], is premature and will be denied.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a "Request for Injunctive Relief," which is construed as a Motion for Injunctive Relief. Doc. [5]. In the Motion, Plaintiff explains that he was arrested in Troy, Missouri, on October 1, 2021, for delivery of a controlled substance. *Id.* at 1. When the arresting officer asked what the substance was, Plaintiff "made no claim to presence or nature of said substance." *Id.* Bond was set in his case at $150,000, cash only. *Id.* Plaintiff states that at his bond hearing, he "offered real estate [to] be accepted as bond," observing that it was "worth double the amount of the bond," but the offer was not accepted. *Id.* Plaintiff alleges that the state has not proven that a crime has been committed, and that the "evidence has not been [analyzed] by the Missouri Highway Department Crime Laboratory." *Id.* He also states that he has been incarcerated for over four months, and that his bond has remained the same. *Id.*

Plaintiff also filed a "Supplemental Request for Injunctive Relief" on March 2, 2022, in which he discusses the lack of progress occurring in his state criminal case. Doc. [9]. As in his previous filings, Plaintiff asserts that no laboratory analysis has been done on the substance he allegedly delivered, that his bond is too high, that his motion to dismiss has been ignored, and that after reading the relevant statute, Plaintiff is "convinced that [he is] in no way guilty of the charge." *Id.* at 2-3. He observes that he "cannot say what the state[']s end game strategy is," but suggests that he is being incarcerated in "the belief that at some point [he] will plea[d] guilty to

10

the charge," though he has "no intention" of this. *Id.* at 3. Plaintiff therefore asks the Court to grant him relief from his excessive bond and release him from custody. *Id.* at 4.

Plaintiff seeks to have this Court intervene in his state criminal case, and to effect his release. That is not an appropriate remedy in a 42 U.S.C. § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (the Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). If Plaintiff wishes to challenge his confinement, he must do so by pursuing a writ of habeas corpus pursuant to 28 U.S.C. § 2254; he cannot seek release through § 1983. Therefore, Plaintiff's Motion for Injunctive Relief is denied.

## MOTION TO ADD PARTY

Plaintiff filed a "Request to Add Party to Complaint" on March 7, 2022, Doc. [10], seeking to add Michael L. Vick as a defendant. Because Plaintiff is ordered to file an amended complaint, his Request to Add Party to Complaint, construed as a motion, is denied as moot.

## MOTION FOR DISMISSAL AND MOTION TO WITHDRAW DISMISSAL

On June 8, 2022, Plaintiff filed a Motion to Voluntarily Dismiss this case. Doc. [13]. Nine days later, he filed another Motion asking that the Court disregard his previous request for dismissal. Doc. [14]. Plaintiff's Motion to Withdraw is granted, and his Motion to Voluntarily Dismiss is denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $104.23 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [3], is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, Doc. [4], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief, Doc. [5], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Party, Doc. [10], is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Dismissal, Doc. [14], is **GRANTED**, and his Motion to Voluntarily Dismiss, Doc. [13], is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint Form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order, in accordance with the instructions set forth above, the Court will dismiss this action without further notice.

**IT IS FINALLY ORDERED** that upon the filing of Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 25th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE