## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW J. MCGINNESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00085-SEP |
| CAPTAIN ORVILLE LESTER, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

 Before the Court is Plaintiff Matthew J. McGinness's Motion for Injunctive Relief, Doc. [21], which the Court construes as a Motion for a Preliminary Injunction. For the reasons set forth below, the Motion is denied.

### FACTS ALLEGED

 In his Motion, Plaintiff states that he has "been a pretrial detainee in the Lincoln County Jail for nearly a year." Doc. [21] at 1. During that time, Plaintiff notes that he has "been sustained by the food provided by the jail." *Id.* "[H]aving studied" the "dietary guidelines for Americans," however, Plaintiff argues that his diet in the jail has caused "a number of health issues." *Id.* at 1-2. Specifically, Plaintiff expresses concerns about "processed turkey lunchmeat," dehydrated potatoes, and "imitation meat protein pellets." *Id.* at 2. Plaintiff further contends that his diet does not contain enough dairy products, fruit, or Vitamin D. *Id.* at 2-3.

 Plaintiff explains that he "and other pretrial detainees have exhausted the administrative remedies at the jail, pertaining to the diet." *Id.* at 3. According to Plaintiff, the detainees in his housing unit have refused the food provided by the county and subsist on canteen items, but they have mostly exhausted their supplies. Plaintiff therefore asks the Court to respond to his Motion for a Preliminary Injunction "without delay." *Id.*

### DISCUSSION

 "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, this Court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on

other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). Plaintiff bears the burden of proving that the factors favor an injunction. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Plaintiff has not met that burden. Although Plaintiff presents general concerns about the food in jail and refers to national dietary guidelines, he does not allege facts supporting his professed belief that his diet has caused any specific ailments. Plaintiff has not shown that the food is nutritionally inadequate, is served in improper portions, or is responsible for Plaintiff's ongoing health issues. Consequently, Plaintiff has demonstrated neither a threat of irreparable harm nor a probability of succeeding on the merits, and his Motion must be denied.

The Court notes that Plaintiff has been ordered to file an amended complaint on or before September 23, 2022. *See* Doc. [20]. If Plaintiff does not file an amended complaint, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunctive Relief, Doc. [21], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the Court's August 25, 2022, Order by **September 23, 2022**.

**IT IS FINALLY ORDERED** that if Plaintiff fails to file an amended complaint in accordance with the Court's August 25, 2022, Order by **September 23, 2022**, this action will be dismissed without prejudice and without further notice.

Dated this 31st day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE